**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      5:26-cv-00884-FLA-AJR                    Date:  February 26, 2026
                                                       Page 1 of 2

Title:      Enrique Antonio Vilchez Manzanares v. Department of Homeland Security, et al.

---

DOCKET ENTRY:      **ORDER REFERRING CASE TO THE FEDERAL PUBLIC DEFENDER TO CONSIDER APPOINTMENT OF COUNSEL**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Ashley Silva-Elder | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER(S):    ATTORNEYS PRESENT FOR RESPONDENT(S):

                         N/A                                            N/A

**Proceedings (In Chambers):**

On February 24, 2026, Petitioner Enrique Antonio Vilchez Manzanares ("Petitioner"), a *pro se* detainee currently confined at the Desert View Facility in Adelanto, California, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition").  (Dkt. 1.)  The Petition challenges Petitioner's detention as a violation of the Due Process Clause of the Fifth Amendment.  (Id. at 1.)

Petitioner is advised that there is no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Appointment of counsel may be authorized at any stage of the proceedings, however, if "the interests of justice so require[.]"  18 U.S.C. § 3006A(a)(2).  The decision of whether to appoint counsel in a habeas proceeding turns on a petitioner's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved and his likelihood of success on the merits.  See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    5:26-cv-00884-FLA-AJR                    Date:  February 26, 2026
                                                      Page 2 of 2

Title:    <u>Enrique Antonio Vilchez Manzanares v. Department of Homeland Security, et al.</u>

      Here, the <u>Weygandt</u> factors sufficiently support the appointment of counsel to represent Petitioner.  The office of the Federal Public Defender for the Central District of California ("FPD") has indicated that it will accept appointments to represent *pro se* petitioners in immigration-related habeas corpus proceedings such as this one.  Accordingly, the Court **REFERS** this case to the FPD for consideration of appointment of counsel for Petitioner.  The FPD is **ORDERED** to file a response within **seven days** of this Order, indicating whether the FPD will represent Petitioner in this matter.  This obligation shall be satisfied if the FPD files a notice of appearance in this case.  The Clerk of Court is **DIRECTED** to serve a copy of this order on the FPD.

      IT IS SO ORDERED.


cc:    Office of the Federal Public Defender
        for the Central District of California
        ATTN:  Jonathan_Aminoff@fd.org