UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILCHEZ MANZANARES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>　　　　　　Defendants. | Case No. 5:26-cv-00884-FLA (AJR)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR LACK OF NEXT FRIEND STANDING AND FAILURE TO RETAIN COUNSEL** |

　　On February 24, 2026, Kenia Guadalupe Jiménez López ("Jiménez López"), acting *in propria persona*, filed a Petition for Writ of *Habeas Corpus* and multiple motions on behalf of Petitioner Enrique Antonio Vilchez Manzanares ("Petitioner"), "as Next Friend of Petitioner." Dkt. 1 at 1.[1] Jiménez López states she "is the long-term partner of Petitioner and the mother of his three United States-based minor children," and is bringing this action on Petitioner's behalf because "Petitioner is unable to effectively litigate this matter due to detention, limited access to legal resources, psychological deterioration, and fear of retaliation." *Id.*

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

Pursuant to Fed. R. Civ. P. 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." "This Rule applies to habeas petitioners as it does to other civil litigants." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted). Accordingly, a next friend or guardian *ad litem* cannot bring an action on behalf of an incompetent person without retaining a lawyer. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also* Local Rule 83-2.2.1 ("Any person representing himself or herself in a case without an attorney must appear pro se for such purpose. That representation may not be delegated to any other person -- even a spouse, relative, or co-party in the case. A non-attorney guardian for a minor or incompetent person must be represented by counsel.").

Jiménez López does not provide any specific facts or cite any legal authority to establish Petitioner is legally incompetent. *See* Dkt. 1. Jiménez López's conclusory assertions that Petitioner is detained, has limited access to legal resources, is under psychological stress, and is afraid of retaliation are alone insufficient to establish Petitioner is legally incompetent, as the same holds true for many if not most other detainees—many of whom have filed *habeas* petitions *pro se* or through counsel. Jiménez López further does not establish she is a California-barred attorney or otherwise legally entitled to appear on behalf of Petitioner without retaining counsel.

Accordingly, the court ORDERS Jiménez López and Petitioner to show cause in writing ("OSC"), on or before March 27, 2026, why the action should not be dismissed for: (1) lack of Next Friend standing by Jiménez López, and (2) failure to retain counsel. *See Johns*, 114 F.3d at 876–77 (recognizing "it is not in the interest of minors or incompetents that they be represented by non-attorneys" and affirming dismissal without prejudice of action by a *pro se* guardian *ad litem* on behalf of a

minor).  Jiménez López and Petitioner's response to the OSC shall not exceed 15 pages, excluding exhibits and declarations.  Respondents may file a response to the OSC on or before April 3, 2026.

To preserve the court's jurisdiction pending a ruling in this matter, it is **ORDERED** that Petitioner shall not be removed from the United States unless and until this court orders otherwise.  *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); *see also Belbacha v. Bush*, 520 F.3d 452, 455–56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").  Given Petitioner's interest in participating in further proceedings before this court, it is **ORDERED** that Petitioner shall not be transferred outside this District absent further order from this court.  *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (holding a "District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief").

Finally, Respondents are **ORDERED** to provide Petitioner with a physical copy of the Petition (Dkt. 1) and this Order within one (1) business day of the date of this Order.  Respondents shall also provide Petitioner with physical copies of the parties' responses to this OSC within one (1) business day of their filing.

IT IS SO ORDERED.

Dated: March 6, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge