UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE ANTONIO VILCHEZ MANZANARES,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Respondents. | Case No. 5:26-cv-00884-FLA (AJR)<br><br>**ORDER SETTING BRIEFING SCHEDULE FOR RESPONSES TO PETITIONER'S MOTIONS [DKTS. 18, 20, 21]** |

On March 30, 2026, *pro se* Petitioner Enrique Antonio Vilchez Manzanares ("Petitioner") filed documents titled "Ultra-Extensive Motion for Immediate Release Pending Adjudication of Petition for Writ of Habeas Corpus" (Dkt. 18), "Emergency Motion for Stay of Removal" (Dkt. 20), and Emergency Motion for Temporary Restraining Order (TRO)" (Dkt. 21) (collectively, the "Motions").

The court sets the following briefing schedule on the Motions. Respondents' responses to the Motions shall be filed on or before April 8, 2026. *See* Local Civil Rule App. C(2). Petitioner's deadline to file replies in support of the Motions shall be April 22, 2026. The Motions shall be taken under submission as of April 2, 2026, and the court will set the Motions for hearing if the court deems one necessary or

1

appropriate.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  Respondents are **ORDERED** to provide Petitioner with a physical copy of this Order and any responses to the Motions, within one (1) business day of their filing dates.

To preserve the court's jurisdiction pending a ruling in this matter, it is **ORDERED** that Petitioner shall not be removed from the United States unless and until this court orders otherwise.  *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); *see also Belbacha v. Bush*, 520 F.3d 452, 455–56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").

Further, given Petitioner's interest in participating in further proceedings before this court and maintaining adequate access to legal counsel throughout the duration of these proceedings, it is **ORDERED** that Petitioner shall not be transferred outside this District absent further order from this court.  *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (holding "the District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief").

IT IS SO ORDERED.

Dated: March 31, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

2